UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RODERICK S. REUTER,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, CITIFINANCIAL SERVICING LLC, GENERAL MOTORS FINANCIAL COMPANY, INC., and CASHCALL, INC.<br><br>Defendants. | CIVIL ACTION<br><br>COMPLAINT 1:19-cv-00847<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

NOW comes RODERICK S. REUTER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), CITIFINANCIAL SERVICING, LLC ("Citi"), GENERAL MOTORS FINANCIAL COMPANY, INC. ("GM"), and CASHCALL, INC. ("Cash Call") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a consumer over 18-years-of-age residing in San Antonio, Texas, which lies within the Western District of Texas.

6. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.  Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

7. Citi is a mortgage servicer responsible for collecting payments from borrowers for loans it originates, along with handling customer service, collections, loan modifications, and foreclosures. Citi is a Delaware company with its registered agent located at 1209 Orange Street, Wilmington, Delaware, 19801.  Citi also uses mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. Furthermore, Citi is a furnisher of credit information to the major credit reporting agencies, including co-Defendant Equifax.

8. GM is a global provider of auto finance solutions.  GM is a company organized under the laws of the State of Texas, with its principal place of business located at 801 Cherry Street, Suite

3500, Fort Worth, Texas 76102. GM's registered agent is located at 211 East 7th Street, Suite 620, Austin, Texas 78701. GM regularly uses mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. Furthermore, GM is a furnisher of credit information to the major credit reporting agencies, including co-Defendant Equifax.

9. Cash Call provides personal loans to consumers throughout the United States. Cash Call is a California company located at One City Boulevard W, Suite 102, Orange, California 92868. Cash Call regularly uses mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. Furthermore, Cash Call is a furnisher of credit information to the major credit reporting agencies, including co-Defendant Equifax.

## FACTS SUPPORTING CAUSE OF ACTION

10. Several years ago, Plaintiff incurred various consumer debts with Citi, GM, and Cash Call ("subject accounts").

11. Plaintiff eventually paid-off every outstanding balance owed on the subject accounts.

12. During the spring of 2019, Plaintiff was looking to improve his credit, so he accessed his Equifax consumer report and noticed a wide-array of inaccuracies pertaining to the subject accounts.

13. For example, in spite of the fact that the subject accounts were paid in full, Equifax was continuing to report monthly terms along with a "Scheduled Payment Amount" that was greater than $0.00, the amount actually owed on the subject accounts.

14. Consequently, on June 24, 2019, Plaintiff initiated a written credit dispute with Equifax. Specifically, Plaintiff requested the following:[1]

> GMFiancial XXX6786 the scheduled payment amount should be zero as this account is closed with a 0.00 balance. Please remove scheduled payment amount of 247
>
> Citifinancial XXX7365 the scheduled payment amount should be zero as this account is closed with a 0.00 balance. Please remove scheduled payment amount of 346
>
> Cashcall XXX74 the scheduled payment amount should be zero as this account is closed with a 0.00 balance. Please remove scheduled payment amount of 141

15. Plaintiff sent this dispute letter, along with her driver's license and social security identification, to Equifax via certified U.S. mail.

16. Upon information and belief, Citi, GM, and Cash Call received notice of Plaintiff's dispute within five days of Plaintiff initiating the disputes with Equifax. *See* 15 U.S. Code §1681i(a)(2).

17. On or about July 22, 2019, Equifax responded by failing to reasonably investigate Plaintiff's credit dispute. Specifically, while Equifax correctly notated the subject accounts as "Closed," along with a zero balance, Equifax continued to falsely report a scheduled payment amount on each of the subject accounts, as seen below:[2]

>>> We have researched the credit account. Account # - 607430402612* The results are: This account is currently reporting as closed. If you have additional questions about this item please contact: Citifinancial, PO Box 6217, Sioux Falls SD 57117 Phone: (800) 922-6235

| Citifinancial | PO Box 6217 SIOUX FALLS SD 57117 : (800) 922-6235 | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | | | Creditor Classification | |
| 607430402612* | 06/14/2006 | $10,818 | $0 | 48M | Monthly | 10 | Paid and Closed | | | | |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 12/14/2012 | $0 | $0 | 04/2007 | $9,751 | $346 | | 04/2007 | | $0 | | $0 | | 04/2007 |
| Status | Type of Account | | Type of Loan | | | Whose Account | | Portfolio Indicator | | Portfolio Status | |
| Pays As Agreed | Installment | | Unsecured | | | Individual Account | | | | | |

ADDITIONAL INFORMATION:
Consumer Disputes After Resolution

Closed or Paid Account/Zero Balance

Refinanced

---

[1] In the same June 24, 2019, Plaintiff also requested that Equifax remove a scheduled payment amount of 1286 owed on a purported Loancare Servicing Center account ("LSC account").

[2] Interestingly enough, Equifax removed the disputed scheduled payment amount on the LSC account, but failed to do so on the Citi, GM, and Cash Call accounts.

4

> >>> We have researched the credit account. Account # - 41670* The results are: This account is currently reporting as closed. If you have additional questions about this item please contact: Gmfnancial, PO Box 181145, Arlington TX 76096-1145 Phone: (800) 284-2271
>
> **Gmfnancial** PO Box 181145 Arlington TX 76096-1145 : (800) 284-2271
>
> | Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
> |---|---|---|---|---|---|---|---|---|
> | 41670* | 03/26/2002 | $9,686 | $0 | 67M | Monthly | 51 | Paid and Closed | |
>
> | Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
> |---|---|---|---|---|---|---|---|---|---|---|---|---|---|
> | 02/11/2013 | $0 | $0 | 06/2006 | $0 | $247 | | 06/2006 | | $0 | | $0 | | 06/2006 |
>
> | Status | Type of Account | Type of Loan | Whose Account | Portfolio Indicator | Portfolio Status |
> |---|---|---|---|---|---|
> | Pays As Agreed | Installment | Auto | Joint Account | Original Creditor | GM FINANCIAL |
>
> ADDITIONAL INFORMATION:
> Closed or Paid Account/Zero Balance

> >>> We have researched the credit account. Account # - 177* The results are: This account is currently reporting as closed. If you have additional questions about this item please contact: Cashcall, PO Box 66007, Anaheim CA 92816-6007 Phone: (714) 722-6980
>
> **Cashcall** PO Box 66007 Anaheim CA 92816-6007 : (714) 722-6980
>
> | Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
> |---|---|---|---|---|---|---|---|---|
> | 177* | 07/01/2007 | $2,600 | $0 | 42M | Monthly | 38 | Paid and Closed | |
>
> | Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
> |---|---|---|---|---|---|---|---|---|---|---|---|---|---|
> | 09/01/2010 | $0 | $0 | 07/2010 | $0 | $141 | | 09/2010 | | $0 | | $0 | | 07/2010 |
>
> | Status | Type of Account | Type of Loan | Whose Account | Portfolio Indicator | Portfolio Status |
> |---|---|---|---|---|---|
> | Pays As Agreed | Installment | Note Loan | Individual Account | | |
>
> ADDITIONAL INFORMATION:
> Closed or Paid Account/Zero Balance

18. Despite having actual knowledge that Plaintiff no longer had a monthly scheduled payment amount, as Plaintiff paid the subject accounts in full, as well as after receiving Plaintiff's dispute, Defendant continued to incorrectly report the subject accounts.

19. Any reasonable investigation engaged in by Defendants would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

20. The reporting of the Citi, GM, and Cash Call trade lines is patently inaccurate and materially misleading given the complete absence of any scheduled monthly payments between Plaintiff and these entities.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

21. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject accounts has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding monthly payments impacting any ability to meet potential future obligations.

22. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

23. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of a comprehensive 3-in-1 credit report in the amount of $43.29 to help monitor Defendants' reporting, the loss of credit opportunity, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

24. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his Equifax credit files.

**COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
(AGAINST EQUIFAX)

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

27. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

28. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

29. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

30. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

31. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

32. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

33. Plaintiff provided Equifax with all relevant information in his June 24, 2019 request for investigation to reflect that he is no longer liable for the subject accounts, and thus, should not be responsible for a monthly scheduled payment amount.

34. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject accounts with a scheduled payment amount, when in fact, Plaintiff was no longer obligated to pay on the subject account.

35. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff.

36. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

37. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Citi, GM, and Cash Call. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Citi, GM, and Cash Call regarding Plaintiff's dispute that Equifax received from Plaintiff.

38. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject accounts.

39. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

40. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Citi, GM, and Cash Call that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

41. Equifax knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the Citi, GM, and Cash Call trade lines as having an erroneous monthly payment due would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing.

42. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

43. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

44. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

45. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

46. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

47. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its significant responsibility to report accurate data on consumers.

48. As stated herein, Plaintiff has been harmed by Equifax's conduct.

WHEREFORE, Plaintiff, RODERICK S. REUTER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

   c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

   d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

   e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

   f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

   g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST CITI)

49. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

51. Citi is a "person" as defined by 15 U.S.C. §1681a(b).

52. Citi is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

53. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

54. Citi violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

55. Citi violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

56. Had Citi reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate representation as to monthly payments, and transmitted the correct information to Equifax. Instead, Citi wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

57. Citi violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax.

58. Citi violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the Citi trade line.

59. Citi violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax credit files.

60. Citi failed to conduct a reasonable investigation of its reporting of the Citi account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Equifax

credit files within 30 days of receiving notice of the disputes from Equifax under 15 U.S.C. §1681i(a)(1).

61. Despite the blatantly obvious errors in Plaintiff's Equifax credit files, and Plaintiff's efforts to correct the errors, Citi did not correct the errors or trade line to report accurately. Instead, Citi wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to Equifax.

62. A reasonable investigation by Citi would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax credit files.

63. Had Citi taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

64. By deviating from the standards established by the debt collection industry and the FCRA, Citi acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

WHEREFORE, Plaintiff, RODERICK S. REUTER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Citi to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

    f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

    g.  Award any other relief as this Honorable Court deems just and appropriate.

**COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
(AGAINST GM)

65. Plaintiff restates and realleges paragraphs 1 through 64 as though fully set forth herein.

66. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

67. GM is a "person" as defined by 15 U.S.C. §1681a(b).

68. GM is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

69. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

70. GM violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

71. GM violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

72. Had GM reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate representation as to monthly payments, and transmitted the correct information to Equifax. Instead, GM wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

73. GM violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax.

74. GM violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the GM trade line.

75. GM violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax credit files.

76. GM failed to conduct a reasonable investigation of its reporting of the GM account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Equifax credit files within 30 days of receiving notice of the disputes from Equifax under 15 U.S.C. §1681i(a)(1).

77. Despite the blatantly obvious errors in Plaintiff's Equifax credit files, and Plaintiff's efforts to correct the errors, GM did not correct the errors or trade line to report accurately. Instead, GM wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to Equifax.

78. A reasonable investigation by GM would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax credit files.

79. Had GM taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

80. By deviating from the standards established by the debt collection industry and the FCRA, GM acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

WHEREFORE, Plaintiff, RODERICK S. REUTER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. An order directing GM to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

    c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

    d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

    e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

    f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

    g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST CASH CALL)

81. Plaintiff restates and realleges paragraphs 1 through 80 as though fully set forth herein.

82. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

83. Cash Call is a "person" as defined by 15 U.S.C. §1681a(b).

84. Cash Call is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

85. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

86. Cash Call violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

87. Cash Call violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

88. Had Cash Call reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate representation as to monthly payments, and transmitted the correct information to Equifax. Instead, Cash Call wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

89. Cash Call violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax.

90. Cash Call violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the Cash Call trade line.

91. Cash Call violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax credit files.

92. Cash Call failed to conduct a reasonable investigation of its reporting of the Cash Call account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Equifax credit files within 30 days of receiving notice of the disputes from Equifax under 15 U.S.C. §1681i(a)(1).

93. Despite the blatantly obvious errors in Plaintiff's Equifax credit files, and Plaintiff's efforts to correct the errors, Cash Call did not correct the errors or trade line to report accurately. Instead, Cash Call wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to Equifax.

94. A reasonable investigation by Cash Call would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax credit files.

95. Had Cash Call taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

96. By deviating from the standards established by the debt collection industry and the FCRA, Cash Call acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

WHEREFORE, Plaintiff, RODERICK S. REUTER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Cash Call to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: August 29, 2019                                          Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                          Counsel for Plaintiff
Admitted in the Western District of Texas   Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                              Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                  Lombard, Illinois 60148
(630) 568-3056 (phone)                                 (630) 581-5858 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.com