UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RODERICK S. REUTER, | § § | |
| Plaintiff, | § § | |
| v. | § § | SA-19-CA-1044-FB (HJB) |
| EQUIFAX INFORMATION SERVICES, LLC; CITIFINANCIAL SERVICING, LLC; and GENERAL MOTORS FINANCIAL COMPANY, INC., | § § § § § | |
| Defendants. | § § | |

**ORDER SETTING
INITIAL PRETRIAL CONFERENCE**

On September 25, 2019, pretrial matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1).  (*See* Docket Entry 17.)  Accordingly, and pursuant to Federal Rule of Civil Procedure 16(b), it is hereby **ORDERED** that this case is set for an Initial Pretrial Conference on **December 3, 2019**, at **2:30 P.M.** in Courtroom C on the 4th Floor of the John H. Wood, Jr., United States Courthouse, 655 E. César Chávez Boulevard, San Antonio, Texas, 78206.

**I.     Telephonic Appearance(s).**

The Court notes that the counsel for the parties are not local.  With consent of the opposing party, counsel may appear at the Initial Pretrial Conference by telephone.  If any counsel wishes to appear at the Initial Pretrial Conference by telephone, counsel must file an Unopposed Motion for Leave to Appear Telephonically on or before **November 25, 2019**.

## II. Joint Rule 26(f) Report.

In preparation for the Initial Pretrial Scheduling Conference, it is **FURTHER ORDERED** that, **on or before November 25, 2019**,[1] the parties must confer as required by Federal Rule of Civil Procedure 26(f) and Local Rule CV-16(c) and submit a Joint Rule 26(f) Report answering the questions outlined below:

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should these unserved parties be dismissed?

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

4. Are there agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

5. What are the parties' views and proposals on all items identified in Rule 26(f)(3)?

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

7. What, if any, discovery disputes exist?

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

9. Have the parties discussed mediation?

## III. Election to Consent to Magistrate Jurisdiction.

Pursuant to 28 U.S.C. § 636(c)(1), all full-time Magistrate Judges are authorized and

---

[1] This is the same date as the parties' proposed scheduling recommendations are due per Judge Biery's Order. (*See* Docket Entry 16.) Both the Joint Rule 26(f) Report and the proposed scheduling recommendations will be discussed during the Initial Pretrial Conference. The parties may combine the Joint Rule 26(f) Report and their proposed scheduling recommendations into a single document.

empowered to try any civil case, jury or non-jury, with the consent of all parties to the lawsuit.  If the parties have not already done so, they must indicate their consent or non-consent on the attached form (Consent Advisory to the Clerk of Court).  The Advisory to the Clerk of Court must be filed **on or before November 25, 2019**.  Consent to trial by a Magistrate Judge must be voluntary, and any party is free to withhold consent without suffering any adverse consequences.  If all parties consent to trial of this case by a Magistrate Judge, the District Court may enter an order assigning the case to a Magistrate Judge for trial and entry of Judgment.  If the case has already been referred to a Magistrate Judge for pretrial matters and the parties consent to Magistrate Judge jurisdiction, the referral will be before the Magistrate Judge already assigned the case.

    **SIGNED** on September 26, 2019.

_____
Henry J. Bemporad
United States Magistrate Judge